IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,948-01






EX PARTE ALBERT F. MORENO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CCCR-06-02725 IN THE 220
TH JUDICIAL DISTRICT COURT


FROM COMANCHE COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to the offense of
attempted capital murder and was sentenced to thirty-five years' imprisonment. He did not appeal
his conviction. 

 Applicant contends inter alia that his plea was involuntary because he was unaware of the
requirement that he intend to cause the death of the complainant. He further alleges that counsel was
ineffective for failing to advise him of this requirement, and for failing to investigate or inquire as
to Applicant's version of the events. He alleges that he would not have entered a guilty plea had he
known that he lacked the necessary mens rea for the offense. Applicant has alleged facts that, if true,
might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13
S.W.3d 791,795-96 (Tex. Crim. App. 2000). The trial court has entered only general findings of
fact, and the habeas record does not contain any documents to refute Applicant's claims. In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide counsel with the opportunity to respond to Applicant's claim of ineffective assistance
of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 First, the trial court shall supplement the habeas record with copies of the indictment or
information, the plea papers (including admonishments, stipulations, judicial confession, and any
written plea agreement), and the judgment. The trial court shall make findings of fact and
conclusions of law in regard to Applicant's claim that his plea was involuntary and that counsel was
ineffective. The trial court shall also make any other findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: October 25, 2006

Do not publish